1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   GEORGE AUSTIN, esq., | No.  2:20-cv-0216 KJM DB PS |
| 12              Plaintiff, | |
| 13        v. | ORDER |
| 14   GABRIELLE TETRAULT, esq., et al., | |
| 15              Defendants. | |

16

17          Plaintiff George Austin is proceeding in this action pro se.  This matter was referred to the

18   undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

19   before the court are plaintiff's amended complaint, motion to proceed in forma pauperis pursuant

20   to 28 U.S.C. § 1915, motions for a temporary restraining order, and motion for permission to file

21   electronically.  (ECF Nos. 2 & 3, 5-8.)  Plaintiff's amended complaint complains about

22   "Defamation" concerning "current proceedings in Stockton."  (Compl. (ECF No. 7) at 4.)

23          The court is required to screen complaints brought by parties proceeding in forma

24   pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

25   2000) (en banc).  Here, plaintiff's amended complaint is deficient.  Accordingly, for the reasons

26   stated below, plaintiff's amended complaint will be dismissed with leave to amend.

27   ////

28   ////

1

1    I.       **Plaintiff's Application to Proceed In Forma Pauperis**

2            Plaintiff's January 29, 2020 in forma pauperis application states that plaintiff earned

3    "approx. 50k-100k annually" as of January 24, 2020, but plaintiff is "[u]nsure if employed" after

4    complaining about "wage theft."  (ECF No. 2 at 2.)  The application also states that plaintiff has

5    $500 in a bank account and lists no dependents or monthly expenses.  In this regard, it is not clear

6    that plaintiff has made the financial showing required by 28 U.S.C. § 1915(a)(1).

7            Moreover, a determination that a plaintiff qualifies financially for in forma pauperis status

8    does not complete the inquiry required by the statute.  "'A district court may deny leave to

9    proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that

10   the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th

11   Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see

12   also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the

13   district court did not abuse its discretion by denying McGee's request to proceed IFP because it

14   appears from the face of the amended complaint that McGee's action is frivolous or without

15   merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court

16   to examine any application for leave to proceed in forma pauperis to determine whether the

17   proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

18   bound to deny a motion seeking leave to proceed in forma pauperis.").

19          The court must dismiss an in forma pauperis case at any time if the allegation of poverty is

20   found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a

21   claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See

22   28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or

23   in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,

24   1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous

25   where it is based on an indisputably meritless legal theory or where the factual contentions are

26   clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

27          To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

28   state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

1   570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

2   true the material allegations in the complaint and construes the allegations in the light most

3   favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

4   Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

5   (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

6   lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

7   conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

8   Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

9          The minimum requirements for a civil complaint in federal court are as follows:

10                 A pleading which sets forth a claim for relief . . . shall contain (1) a
                   short and plain statement of the grounds upon which the court's
11                 jurisdiction depends . . . , (2) a short and plain statement of the claim
                   showing that the pleader is entitled to relief, and (3) a demand for
12                 judgment for the relief the pleader seeks.

13   Fed. R. Civ. P. 8(a).

14   **II.     Plaintiff's Amended Complaint**

15          Review of plaintiff's amended complaint finds that it is deficient in several respects.

16          **A.     Rule 8**

17          The most prominent deficiency found in the amended complaint is the failure to contain a

18   short and plain statement of a claim showing that plaintiff is entitled to relief.  Plaintiff's amended

19   complaint is vague, conclusory, and devoid of factual allegations.  According to the amended

20   complaint the events giving rise to plaintiff's claims are "Defamation-several places, but the

21   primary present point of concern with regard to Injunction/TRO is the current proceedings in

22   Stockton.  They need to be stopped to prevent further detriment, and deprivation to my person,

23   name, and rights (until some of these fundamental untruths can be sorted & dealt with

24   appropriately)."  (Am. Compl. (ECF No. 7) at 4.)  In addressing the time of the events, the

25   amended complaint alleges that "Some of the events . . .  began before, but the intensity and

26   outright deceptions increased in 2016 continued to the present."  (Id.)  The amended complaint

27   fails to identify the actions of any defendant or state the elements of a claim against a named

28   defendant.

3

1       Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

2   complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

3   state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

4   Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

5   and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

6   does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

7   enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

8   557).  A plaintiff must allege with at least some degree of particularity overt acts which the

9   defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

10      **B.      Abstention**

11      Although the allegations found in the amended complaint are difficult to decipher, the

12  amended complaint does allege that plaintiff is suffering harm "of falsely accusing, abusing

13  power & the court system," and has "no way to get a fair proceeding" as the result of "Judicial

14  Abuse of process[.]"  (Am. Compl. (ECF No. 7) at 5.)  In this regard, it appears plaintiff's

15  allegations may concern events arising from a state court action.

16      Plaintiff is advised that the Younger abstention doctrine generally forbids federal courts

17  from interfering with ongoing state judicial proceedings.  See Younger v. Harris, 401 U.S. 37, 53-

18  54 (1971); Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992).  Thus, Younger abstention is

19  appropriate when state proceedings of a judicial nature:  (1) are ongoing; (2) implicate important

20  state interests; and (3) provide an adequate opportunity to raise federal questions.  Middlesex

21  County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Gilbertson v.

22  Albright, 381 F.3d 965, 984 (9th Cir. 2004) (en banc).

23      Moreover, under the Rooker-Feldman doctrine a federal district court is precluded from

24  hearing "cases brought by state-court losers complaining of injuries caused by state-court

25  judgments rendered before the district court proceedings commenced and inviting district court

26  review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544

27  U.S. 280, 284 (2005).  The Rooker-Feldman doctrine applies not only to final state court orders

28  and judgments, but to interlocutory orders and non-final judgments issued by a state court as well.

4

1    Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide

2    Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

3           The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state

4    court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties

5    do not directly contest the merits of a state court decision, as the doctrine prohibits a federal

6    district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a

7    state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008)

8    (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal'

9    forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly

10   erroneous decision by a state court, and seeks relief from a state court judgment based on that

11   decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d

12   at 1164); see also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman

13   doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in

14   'which a party losing in state court' seeks 'what in substance would be appellate review of the

15   state judgment in a United States district court, based on the losing party's claim that the state

16   judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S.

17   997, 1005-06 (1994), cert. denied 547 U .S. 1111 (2006)). "Thus, even if a plaintiff seeks relief

18   from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also

19   alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

20   
21   
22   
23

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

24   Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158); see also Exxon, 544 U.S. at 286 n. 1 ("a

25   district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the

26   state court had not passed directly on those claims, when the constitutional attack [is]

27   'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n.

28   16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the

1   federal court action are 'inextricably intertwined' with the state court's decision such that the

2   adjudication of the federal claims would undercut the state ruling or require the district court to

3   interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16,

4   485).

5        Finally, in Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court

6   held that a plaintiff may not prevail on § 1983 claim if doing so "would necessarily imply the

7   invalidity" of plaintiff's conviction arising out of the same underlying facts as those at issue in the

8   civil action "unless the plaintiff can demonstrate that the conviction or sentence has already been

9   invalidated."  512 U.S. at 487.  Thus, "Heck says that 'if a criminal conviction arising out of the

10  same facts stands and is fundamentally inconsistent with the unlawful behavior for which section

11  1983 damages are sought, the 1983 action must be dismissed.'"  Smith v. City of Hemet, 394

12  F.3d 689, 695 (9th Cir. 2005) (quoting Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)).

13  "Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would

14  'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence . . . ."

15  Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting Smithart, 79 F.3d

16  at 951).

17       In this regard, it appears that even if plaintiff could state a claim this court may be

18  precluded from hearing those claims.

19  **III.    Leave to Amend**

20       Because plaintiff's amended complaint fails to state claim upon which relief can be

21  granted the amended complaint must be dismissed.  The undersigned has carefully considered

22  whether plaintiff may amend the complaint to state a claim upon which relief can be granted.

23  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."

24  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir.

25  1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293

26  (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have

27  to allow futile amendments).

28  ////

1  However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff

2  may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts

3  in support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221,

4  1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v.

5  Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to

6  amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

7  cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.

8  1988)).

9  Here, given the vague and conclusory nature of the amended complaint's allegations, the

10  undersigned cannot yet say that it appears beyond doubt that further leave to amend would be

11  futile.  Plaintiff's amended complaint will therefore be dismissed, and plaintiff will be granted

12  leave to file a second amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects

13  to file a second amended complaint "the tenet that a court must accept as true all of the

14  allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of

15  the elements of a cause of action, supported by mere conclusory statements, do not suffice."

16  Ashcroft, 556 U.S. at 678.  "While legal conclusions can provide the complaint's framework, they

17  must be supported by factual allegations."  Id. at 679.  Those facts must be sufficient to push the

18  claims "across the line from conceivable to plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S.

19  at 557).

20  Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an

21  amended complaint complete.  Local Rule 220 requires that any amended complaint be complete

22  in itself without reference to prior pleadings.  The second amended complaint will supersede the

23  amended complaint just as the amended complaint superseded the original complaint.  See Loux

24  v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in a second amended complaint, just as if it were

25  the initial complaint filed in the case, each defendant must be listed in the caption and identified

26  in the body of the complaint, and each claim and the involvement of each defendant must be

27  sufficiently alleged.  Any second amended complaint which plaintiff may elect to file must also

28  ////

1   include concise but complete factual allegations describing the conduct and events which underlie

2   plaintiff's claims.

3   **IV.      Motions For Temporary Restraining Order**

4         Plaintiff's motions for a temporary restraining order are based on the same vague and

5   conclusory allegations found in the amended complaint.  (ECF Nos. 3, 5, & 8.)  The legal

6   principles applicable to a request for injunctive relief are well established.  To prevail, the moving

7   party must show either a likelihood of success on the merits and the possibility of irreparable

8   injury, or that serious questions are raised and the balance of hardships tips sharply in the

9   movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir.

10  1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).

11        The two formulations represent two points on a sliding scale with the focal point being

12  the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any

13  formulation of the test, plaintiff must demonstrate that there exists a significant threat of

14  irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the

15  court need not reach the issue of likelihood of success on the merits.  Id.  Moreover, the court will

16  not entertain a motion for injunctive relief that is not supported by: (1) a declaration under penalty

17  of perjury on the question of irreparable injury, (2) a memorandum of points and authorities

18  addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who

19  would be affected by the order sought.  See Local Rule 231.

20        Here, plaintiff's amended complaint fails to state a claim and plaintiff will be granted

21  leave to file a second amended complaint.  In the absence of a complaint that states a claim for

22  relief the undersigned cannot evaluate plaintiff's likelihood of success or the risk of irreparable

23  injury.  Accordingly, plaintiff's applications will be denied without prejudice to renewal.  If

24  plaintiff elects to file a new application for injunctive relief plaintiff shall ensure compliance with

25  Local Rule 231.

26  **V.      Permission For Electronic Filing**

27        Plaintiff's application for permission for electronic filing appears to be a form used by a

28  different court.  (ECF No. 6.)  The undersigned is concerned that plaintiff may not be aware of

1 | this court's requirements for electronic filing.  See generally Local Rules 131, 133, 137, 140, &

2 | 141.  Plaintiff's motion, therefore, will be denied without prejudice to filing a renewed motion

3 | that acknowledges plaintiff has reviewed the court's Local Rules and requirements for electronic

4 | filing.

5 | **CONCLUSION**

6 | Accordingly, IT IS HEREBY ORDERED that:

7 | 1.  The amended complaint filed March 5, 2020 (ECF No. 7) is dismissed with leave to

8 | amend.

9 | 2.  Within sixty days from the date of this order, an amended complaint shall be filed that

10 | cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and

11 | the Local Rules of Practice.[1]  The amended complaint must bear the case number assigned to this

12 | action and must be titled "Second Amended Complaint."

13 | 3.  Failure to comply with this order in a timely manner may result in a recommendation

14 | that this action be dismissed.

15 | 4.  Within sixty days from the date of this order plaintiff shall file an updated and

16 | complete application to proceed in forma pauperis.

17 | 5.  Plaintiff's February 5, 2020, February 14, 2020, and March 5, 2020 motions for a

18 | temporary restraining order (ECF Nos. 3, 5, & 8) are denied without prejudice to renewal.

19 | 6.  Plaintiff's February 24, 2020 motion for permission to file electronically (ECF No. 6)

20 | is denied without prejudice to renewal.

21 | Dated:  April 29, 2020

22 |

23 |

24 | DEBORAH BARNES
   | UNITED STATES MAGISTRATE JUDGE

25 | DLB:6
   | DB/orders/orders.pro se/austin0216.dism.lta.ord

26 |

27 | ———————————————

28 | [1] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.