UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE AUSTIN, esq., | No. 2:20-cv-0216 KJM DB PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GABRIELLE TETRAULT, esq., et al., | |
| Defendants. | |

Plaintiff George Austin is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's second amended complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 2 & 13.) The second amended complaint concerns allegations of defamatory statements made by various defendants.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's second amended complaint is deficient. Accordingly, for the reasons stated below, the undersigned recommends that plaintiff's second amended complaint be dismissed without further leave to amend.

////

////

I. **Plaintiff's Application to Proceed In Forma Pauperis**

Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). In addition, a $50.00 general administrative fee for civil cases must be paid. 28 U.S.C. § 1914(b). The court may authorize the commencement of an action "without prepayment of fees . . . by a person who submits an affidavit" showing that she is unable to pay such fees. 28 U.S.C. § 1915(a).

Here, plaintiff's January 29, 2020 in forma pauperis application states that plaintiff was earning "approx. 50k-100k annually," had $500 in a bank account, and identified no dependents or monthly expenses. (ECF No. 2 at 1-2.) In light of plaintiff's stated financial situation, the undersigned finds that plaintiff has failed to show that plaintiff is unable to pay the filing fees. Thus, plaintiff has made an inadequate showing of indigency. See Olivares v. Marshall, 59 F.3d 109, 111 (9th Cir. 1995) ("Requiring the payment of fees according to a plaintiff's ability to pay serves the dual aims of defraying some of the judicial costs of litigation and screening out frivolous claims.").

Moreover, even a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a

claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

**II.    Plaintiff's Second Amended Complaint**

In dismissing plaintiff's amended complaint with leave to amend the undersigned advised plaintiff that the amended complaint was "vague, conclusory, and devoid of factual allegations." (ECF No. 9 at 3.) Plaintiff responded by filing a 174-page second amended complaint that is also vague, conclusory, and devoid of factual allegations. In this regard, the second amended complaint's allegations are difficult to decipher. It appears that plaintiff is attempting to litigate several grievances against various individuals. The second amended complaint alleges that the

3

defendants'

> . . . "Blitzkrieg" of negativity, defamatory statements, and underhanded maneuvers seemingly to "setup," and reduce Plaintiff's status while depriving him of his constitutional rights was completely unexpected and definitely created harm to Plaintiff. Similar to a propaganda campaign in war, the type, and amount, and level of deceptions have been tremendous (and Plaintiff, himself, likely may have had some trouble believing certain aspects had he not experienced them himself, and saved receipts via documentation). For Plaintiff it appeared like a smear campaign, or propaganda action, with a series of wild allegations, followed by actions with attempts to make the wild allegations appear true. Seemingly a series of scenarios to set up, and perhaps, 'trigger' behaviors that would be used to justify the initial poor, defamatory, unconstitutional or discriminatory treatment. The series of dynamics appear to have that same pattern designed to preemptively tear down name and reputation, without basis. The Pattern has increased, and become increasingly defamatory, harmful, as well as legally, professionally and financially injurious.

(Sec. Am. Compl. (ECF No. 13) at 24-25.)

The second amended complaint explains that the various defendants are plaintiff's cousins, an "ex-girlfriend who Plaintiff broke up with," plaintiff's "biological mother," and plaintiff's "biological Great Aunt, and Great Uncle." (Id. at 29-33.) The second amended complaint identifies various "Lies/Defamations" allegedly committed by these defendants, which include that plaintiff was "Unsuccessful," is "worse than [his] father," and that plaintiff was "Crazy." (Id. at 30-31.) The second amended complaint also includes a section devoted to a discussion of an alleged allegation related to the size of plaintiff's genitalia. (Id. at 31-33.)

Also named as defendants are a "Public Defender Group of Names," two doctors, and an "attorney who took over from previous collective, constitutionally mandated to represent" plaintiff. (Id. at 33-36.) These defendants allegedly defamed plaintiff by attempting to have "Plaintiff deemed incompetent," but were "unsuccessful." (Id. at 37.)

The second amended complaint alleges that these "lies/defamation" constituted a "conspiracy to defame/slander" plaintiff but fails to provide any factual details in support. In order to allege a prima facie claim for defamation, a party must allege facts that establish the existence of "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." Taus v. Loftus, 40 Cal.4th 683,

4

720 (Cal. 2007). Publication is communication of the allegedly defamatory statement "to a third person who understands its defamatory meaning as applied to the [defamed party]." Shively v. Bozanich, 31 Cal.4th 1230, 1242 (Cal. 2003).

And "[l]iability for civil conspiracy generally requires three elements: (1) formation of a conspiracy (an agreement to commit wrongful acts); (2) operation of a conspiracy (commission of the wrongful acts); and (3) damage resulting from operation of a conspiracy." Davenport v. Litton Loan Servicing, LP, 725 F.Supp.2d 862, 881 (N.D. Cal. 2010). "[B]are assertion of conspiracy" and a "conclusory allegation of agreement at some unidentified point" will not suffice to state a cognizable claim under federal pleading standards. Twombly, 550 U.S. at 556-57; Davenport, 725 F.Supp.2d at 881 (plaintiff's conclusory allegation that defendants "agreed to hoodwink her with an unconscionable loan" did not state a cognizable conspiracy cause of action).

Moreover, although the second amended complaint makes vague reference to plaintiff's "constitutional" and "Civil Rights," the second amended complaint fails to allege how any of these defendants acted under color of state. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders performing traditional functions of representation do not act under color of state law for purposes of civil rights actions); Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999) ("§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong").

The second amended complaint goes on to assert ten causes of action (defamation, civil conspiracy, professional malpractice, negligence, negligence per se, disability discrimination, civil rights violations, false light, whistleblower retaliation, and intentional infliction of emotional distress) against the "defendants" collectively and without any factual allegations offered in support. (Sec. Am. Compl. (ECF No. 14) at 40-149.) Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

## II.     Further Leave to Amend

For the reasons stated above, plaintiff's second amended complaint should be dismissed. The undersigned has carefully considered whether plaintiff may further amend the complaint to state a claim upon which relief could be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the deficiencies noted above and plaintiff's inability to successfully amend the complaint, the undersigned finds that it would be futile to grant plaintiff further leave to amend.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's January 29, 2020 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff's September 14, 2020 second amended complaint (ECF No. 13) be dismissed without further leave to amend; and

3. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

////

specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 23, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/austin0216.dism.f&rs